UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-45257** |
| Petters Company, Inc., et al. | Bankruptcy Court File No. 08-45257 (GFK) |
| Debtors. | |
| (includes:<br>Petters Group Worldwide, LLC;<br>PC Funding, LLC;<br>Thousand Lakes, LLC;<br>SPF Funding, LLC;<br>PL Ltd., Inc.;<br>Edge One LLC;<br>MGC Finance, Inc.;<br>PAC Funding, LLD;<br>Palm Beach Finance Holdings, Inc.) | Bankruptcy Court File Nos.:<br>08-45258 (GFK)<br>08-45326 (GFK)<br>08-45327 (GFK)<br>08-45328 (GFK)<br>08-45329 (GFK)<br>08-45330 (GFK)<br>08-45331 (GFK)<br>08-45371 (GFK)<br>08-45392 (GFK)<br><br>Chapter 11 Cases<br>Judge Gregory F. Kishel |
| Douglas A. Kelley, in his capacity as the Court-appointed Chapter 11 Trustee of Debtor Petters Company, Inc. and Debtor Petters Group Worldwide, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Calibrax Capital Partners, LLC; Steel Pier Capital Advisors, LLC; and AD Capital, LLC,<br><br>Defendants. | ADV. NO. 10-04426 |

**ANSWER OF STEEL PIER CAPITAL ADVISORS, LLC**
**(Jury Trial Demanded)**

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Federal Rule of Bankruptcy Procedure 9015, Defendant Steel Pier Capital Advisors, LLC hereby demands a trial by jury on all issues so triable. Steel Pier Capital Advisors, LLC does not consent to the bankruptcy court conducting the jury trial.

## ANSWER

Steel Pier Capital Advisors, LLC ("Steel Pier") for its answer to Plaintiff's Complaint denies each and every allegation contained in the Complaint except as hereinafter specifically admitted, qualified or otherwise explained.

1. Steel Pier admits the allegations contained in paragraph 1 of the Complaint.

2. Steel Pier admits the allegations contained in paragraph 2 of the Complaint.

3. Steel Pier admits the allegations contained in paragraph 3 of the Complaint.

4. Steel Pier admits the allegations contained in paragraph 4 of the Complaint.

5. Steel Pier is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies the same and puts Plaintiff to his strictest proof thereof.

6. Steel Pier admits the allegations contained in paragraph 6 of the Complaint.

7. Steel Pier is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint and therefore denies the same and puts Plaintiff to his strictest proof thereof.

8. Steel Pier admits the allegations contained in paragraph 8 of the Complaint.

9. Steel Pier admits the allegations contained in paragraph 9 of the Complaint.

10. Steel Pier admits the allegations contained in paragraph 10 of the Complaint.

11. Steel Pier admits the allegations contained in paragraph 11 of the Complaint.

12. Steel Pier admits the allegations contained in paragraph 12 of the Complaint.

13. Steel Pier admits the allegations contained in paragraph 13 of the Complaint.

14. Steel Pier admits the allegations contained in paragraph 14 of the Complaint.

15. Steel Pier admits the allegations contained in paragraph 15 of the Complaint.

16. Steel Pier admits the allegations contained in paragraph 16 of the Complaint.

17. Steel Pier admits the allegations contained in paragraph 17 of the Complaint.

18. Steel Pier alleges that the allegations contained in paragraph 18 of the Complaint are recitations of provisions of state and federal law under which the Trustee asserts he has claims, contain no allegations of fact, and thus require no admission or denial. Steel Pier asserts that, to the extent the Trustee seeks to assert other claims or claims under other law, not asserted in the Complaint, Steel Pier reserves all defenses thereto.

19. In response to the allegations contained in paragraph 19 of the Complaint, Steel Pier admits only that it is a transferee of a promissory note dated March 1, 2008, in the amount of $1,750,000, from Petters Company, Inc. ("PCI") and payable to Steel Pier, but denies such transfer was fraudulent, preferential or otherwise avoidable by the Trustee. Steel Pier further denies the remaining allegations in paragraph 19 to the extent they are asserted with respect to Steel Pier. Steel Pier further states that to the extent that the allegations contained in paragraph 19 of the Complaint are asserted against other defendants, Steel Pier has information insufficient to form a belief as to the truth of the allegations and therefore denies the allegations contained therein.

20. Steel Pier states the allegations contained in paragraph 20 of the Complaint are simply recitals of the Trustee's apparent intention and require no response.

21. Steel Pier denies the allegations of paragraph 21 of the Complaint, in that Steel Pier alleges that the transaction which gave rise to the transfer to Steel Pier was compensation or payment of a referral fee to Calibrax Capital Advisors, LLC for its efforts in locating financing for PCI and/or Polaroid. Steel Pier is without information sufficient to form a belief as to the truth of the allegations regarding the fraud and Ponzi scheme alleged to have been orchestrated by Petters.

22. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Steel Pier admits the allegations contained in paragraph 23 of the Complaint.

24. Steel Pier admits the allegations contained in paragraph 24 of the Complaint.

25. In response to the allegations contained in paragraph 25 of the Complaint, Steel Pier admits only that Kelley, as Trustee for PCI and PGW, entered guilty pleas on behalf of PCI and PGW to charges of wire fraud, conspiracy to commit wire fraud and conspiracy to commit money laundering. Steel Pier also alleges that the bankruptcy estates of PCI and PGW suffered no adverse consequences, financially or otherwise, as a result of such guilty pleas, but rather were potentially financially advantaged by such pleas.

26. Steel Pier admits that Petters and his associates have been convicted or pled guilty to a species of fraud known as a Ponzi scheme. Although Steel Pier is without information sufficient to form a belief as to the allegations of paragraph 26 in any specific instance, Steel Pier admits that this was the substance of the actions for which Petters and his associates were convicted. Steel Pier alleges that this allegation, as well as the allegations contained in the next 20 paragraphs of the Complaint, while perhaps accurately stating some transactions between PCI

and other parties, have little or no relevance to and do not describe the transaction that gave rise to the Promissory Note held by Steel Pier.

27. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27 through 39 of the Complaint and thus denies same. Steel Pier notes that the Trustee does not assert the allegations of paragraph 28 have any relevance to the transaction giving rise to the transfer to Steel Pier. The allegation contained in paragraphs 27 through 39 of the Complaint allege a pattern of activity by Petters related to a series of unspecified transactions which the Trustee fails to tie or even allege relate directly to the transactions giving rise to the transfer of the Promissory Note to Steel Pier.

28. In response to the allegations contained in paragraph 40 of the Complaint, Steel Pier admits that Petters exercises control over PCI and PGW, but Steel Pier is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint.

29. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

30. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

31. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

32. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

33. Steel Pier denies the allegations of paragraph 45 of the Complaint, but asserts these allegations have no relevance to the claims asserted against Steel Pier.

34. Steel Pier admits the allegations contained in paragraph 46 of the Complaint.

35. In response to the allegations contained in paragraph 47 of the Complaint, Steel Pier admits that Ritchie Capital invested substantial amounts with Petters controlled entities in February 2008, but Steel Pier is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint.

36. Steel Pier is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

37. In response to the allegations contained in paragraph 49 of the Complaint, Steel Pier admits only that Calibrax Capital Advisors, LLC contracted for a consulting/finders fee in the amount of $10,000,000 from PGW in connection with a $100,000,000 investment or loan sought by PGW, that Calibrax Capital Advisors, LLC, through a party it contracted with, referred Ritchie Capital to PGW, and that said fee was due and payable upon the closing of the Ritchie Capital $100,000,000 investment or loan. Steel Pier denies the remaining allegations contained in paragraph 49 of the Complaint.

38. Steel Pier admits, on information and belief, that payments as stated in such paragraph were made by PCI and PGW to Calibrax Capital Advisors, LLC.

39. Steel Pier is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

40. In response to the allegations contained in paragraph 52 of the Complaint, Steel Pier admits, with the consent of Calibrax Capital Advisors, LLC, that Steel Pier received a promissory note from PCI dated March 1, 2008, in the amount of $1,750,000. Steel Pier denies it received a note in the amount of $2,950,000 and is without knowledge sufficient for it to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 52.

41. Steel Pier is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 through 56 of the Complaint and therefore denies same.

42. Paragraph 57 of the Complaint contains statements which do not require a response.

43. Steel Pier denies the allegations contained in paragraph 58 of the Complaint.

44. Paragraph 59 of the Complaint contains a statement which does not require a response.

45. Steel Pier denies the Trustee, by asserting same, may preserve any claim barred by applicable limitations and therefore denies the Trustee's entitlement to take any action asserted in paragraph 60.

46. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

47. Steel Pier denies the allegations contained in paragraph 62 of the Complaint.

48. Steel Pier denies the allegations contained in paragraph 63 of the Complaint.

49. Steel Pier denies the allegations contained in paragraph 64 of the Complaint.

50. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

51. The allegations contained in paragraph 66 of the Complaint are directed toward a defendant other than Steel Pier. Steel Pier is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66.

52. Steel Pier is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

53. Steel Pier admits the allegations contained in paragraph 68 of the Complaint.

54. The allegations contained in paragraph 69 of the Complaint are directed toward a defendant other than Steel Pier. Steel Pier is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69.

55. The allegations contained in paragraph 70 of the Complaint are directed toward a defendant other than Steel Pier. Steel Pier is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70.

56. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

57. Steel Pier denies the allegations contained in paragraph 72.

58. Steel Pier denies the allegations contained in paragraph 73.

59. Steel Pier denies the allegations contained in paragraph 74 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint to the extent they pertain to defendants other than Steel Pier.

60. Steel Pier denies the allegations contained in paragraph 75 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint to the extent they pertain to defendants other than Steel Pier.

61. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

62. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint to the extent they pertain to defendants other than Steel Pier.

63. Steel Pier denies the allegations contained in paragraph 78 of the Complaint.

64. Steel Pier denies the allegations contained in paragraph 79 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint to the extent they pertain to defendants other than Steel Pier.

65. Steel Pier denies the allegations contained in paragraph 80 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Complaint to the extent they pertain to defendants other than Steel Pier.

66. Steel Pier reasserts and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

67. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Complaint with respect to creditors. Steel Pier denies the transfers are avoidable.

68. Steel Pier denies the allegations contained in paragraph 83 of the Complaint.

69. Steel Pier denies the allegations contained in paragraph 84 of the Complaint.

70. Steel Pier denies the allegations contained in paragraph 85 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint to the extent they pertain to defendants other than Steel Pier.

71. Steel Pier denies the allegations contained in paragraph 86 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint to the extent they pertain to defendants other than Steel Pier.

72. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

73. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint with respect to creditors and denies the transfers are avoidable.

74. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint.

75. Steel Pier denies the allegations contained in paragraph 90 of the Complaint.

76. Steel Pier denies the allegations contained in paragraph 91 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint to the extent they pertain to defendants other than Steel Pier.

77. Steel Pier denies the allegations contained in paragraph 92 of the Complaint to the extent said allegations pertain to Steel Pier. Steel Pier is without knowledge or information sufficient for it to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Complaint to the extent they pertain to defendants other than Steel Pier.

78. Steel Pier realleges and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

79. In response to the allegations contained in paragraph 94 of the Complaint, Steel Pier states that is has not asserted a claim in these Bankruptcy Cases.

80. In response to the allegations contained in paragraph 95 of the Complaint, Steel Pier states that it has not asserted a claim in these Bankruptcy Cases.

81. In response to the allegations contained in paragraph 96 of the Complaint, Steel Pier states that it has not asserted a claim in these Bankruptcy Cases.

82. Steel Pier restates and incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

83. Steel Pier is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint.

84. In response to the allegations contained in paragraph 99 of the Complaint that are asserted against Steel Pier, Steel Pier states that it did not receive any monies from PCI and denies the remaining allegations of such paragraph.

85. Steel Pier denies the allegations contained in paragraph 100 of the Complaint.

86. Steel Pier denies the allegations contained in paragraph 101 of the Complaint to the extent they are asserted against Steel Pier.

87. Steel Pier denies the allegations contained in paragraph 102 of the Complaint to the extent they are asserted against Steel Pier.

### **AFFIRMATIVE DEFENSES**

As and for its Affirmative Defenses, Defendant Steel Pier Capital Advisors, LLC states as follows:

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted;

2. Steel Pier Capital Advisors, LLC gave reasonably equivalent value in exchange for the transfer it received;

3. Some or all of Plaintiff's claims are barred by doctrines of fraud or *in pari delecto* by reason of the actions of the Debtors and principals of the Debtors;

4. Steel Pier Capital Advisors, LLC reserves the right to assert further defenses, cross claims, counterclaims, or third party complaints as may be revealed through discovery or otherwise.

WHEREFORE, Defendant Steel Pier Capital Advisors, LLC prays for an Order:

1. Dismissing the Plaintiff's Complaint with prejudice and entering judgment in favor of Steel Pier Capital Advisors, LLC;

2. Granting Steel Pier Capital Advisors, LLC its reasonable costs and distributions in this matter; and

3. Granting such other and further relief as the Court may deem just and equitable.

Date: February 18, 2011               BEST & FLANAGAN LLP

                                      By /e/ Cynthia L. Hegarty
                                          Thomas B. Heffelfinger (#004328X)
                                          Patrick B. Hennessy (#0124412)
                                          Cynthia L. Hegarty (#0294627)
                                          225 South Sixth Street, Suite 4000
                                          Minneapolis, MN 55402-4690
                                          (612) 339-7121

                                      Attorneys for Defendant Steel Pier Capital Advisers, LLC

019921/310001/1269423_3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              **Jointly Administered under**
                                                    **Case No. 08-45257**

Petters Company, Inc., et al.                       Bankruptcy Court File No. 08-45257 (GFK)

Debtors.

(includes:                                          Bankruptcy Court File Nos.:
Petters Group Worldwide, LLC;                       08-45258 (GFK)
PC Funding, LLC;                                    08-45326 (GFK)
Thousand Lakes, LLC;                                08-45327 (GFK)
SPF Funding, LLC;                                   08-45328 (GFK)
PL Ltd., Inc.;                                      08-45329 (GFK)
Edge One LLC;                                       08-45330 (GFK)
MGC Finance, Inc.;                                  08-45331 (GFK)
PAC Funding, LLD;                                   08-45371 (GFK)
Palm Beach Finance Holdings, Inc.)                  08-45392 (GFK)

                                                    Chapter 11 Cases
                                                    Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
Court-appointed Chapter 11 Trustee of
Debtor Petters Company, Inc. and Debtor
Petters Group Worldwide, LLC,

                    Plaintiff,                     ADV. NO. 10-04426

vs.

Calibrax Capital Partners, LLC; Steel Pier
Capital Advisors, LLC; and AD Capital, LLC,

                    Defendants.

**DECLARATION REGARDING ELECTRONIC FILING AND
UNSWORN CERTIFICATE OF SERVICE**

I, Cynthia L. Hegarty, declare that on February 18, 2011, the following document:

1. Answer of Steel Pier Capital Advisors, Inc.

was electronically filed through the Electronic Case Filing System (ECF), to the Filing Users, including the following:

George H. Singer; gsinger@lindquist.com
Sandra S. Smalley-Fleming; ssmalley@lindquist.com
Jeffrey D. Smith; jsmith@lindquist.com
Terrence J. Fleming; tfleming@lindquist.com

Pursuant to Local Rule 9006-1, the filing constitutes service or notice of the filed documents on the Filing Users.


Dated: February 18, 2011                             /e/ Cynthia L. Hegarty


019921/310001/1292550_1